Appeal No. 24-2956

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KEITH TROUT, ET AL.

Plaintiffs and Appellants,

v.

COUNTY OF MADERA, ET AL.

Defendants and Appellees.

On Appeal from the United States District Court for the Eastern
District of California (Fresno), Case No. 1:22-cv-8867-SAB
Hon. Ana de Alba, United States District Judge
Hon. Stanley A. Boone, United States Magistrate Judge

## ANSWERING BRIEF OF APPELLEE COMMUNITY ACTION
## PARTNERSHIP OF MADERA COUNTY, INC.

CYNTHIA G. LAWRENCE (SBN 148927)
AMANDA F. BENEDICT (SBN 200291)
SIMS, LAWRENCE & BROGHAMMER
1478 Stone Point Drive, #450
Roseville, CA 95661
Telephone: (916) 797-8881
Facsimile: (916) 253-1544
Cynthia@sims-law.net
Amanda@sims-law.net

Attorneys for Defendant:
COMMUNITY ACTION PARTNERSHIP OF MADERA COUNTY, INC.

1

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendant/Appellee, discloses as follows:

Defendant/Appellee COMMUNITY ACTION PARTNERSHIP OF MADERA COUNTY, INC. is a private nonprofit corporation.

SIMS, LAWRENCE &
BROGHAMMER


Dated: September 30, 2024    By: <u>/s/ Cynthia G. Lawrence</u>
Cynthia G. Lawrence, Esq.
Amanda F. Benedict, Esq.
Attorneys for Defendant and Appellee,
COMMUNITY ACTION
PARTNERSHIP OF MADERA
COUNTY, INC.

## **TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT ..........................................2

TABLE OF CONTENTS .................................................................3

TABLE OF AUTHORITIES ............................................................5

INTRODUCTION ..........................................................................8

JURISDICTIONAL STATEMENT ...................................................11

STATEMENT OF ISSUES PRESENTED ...........................................11

STATEMENT OF THE CASE ..........................................................12

    A.    Factual Background ...........................................................12

    B.    Procedural Background ......................................................14

STANDARD OF REVIEW ..............................................................18

SUMMARY OF ARGUMENTS .........................................................18

ARGUMENT ...............................................................................20

    I.    APPELLANTS WAIVED ANY CHALLENGE TO THE
    DISMISSAL WITH PREJUDICE OF THE SECOND, THIRD,
    FOURTH, AND FIFTH CAUSES OF ACTION AGAINST
    CAPMC. ...................................................................20

    II.    THE COURT SHOULD AFFIRM BECAUSE THE FAC
    FAILED TO ALLEGE SUFFICIENT FACTS TO PLEAD A
    PLAUSIBLE MONELL CLAIM FOR STATE-CREATED
    DANGER ...................................................................21

        A.    THE DISTRICT COURT CORRECTLY APPLIED
        RULE 8(A)(2) WHEN EVALUATING THE FACTS
        ALLEGED IN THE FAC. ........................................22

3

B.      APPELLANTS FAILED TO ALLEGE SUFFICENT FACTS THAT CAPMC INCREASED THE RISK OF HARM TO MS. GARAY TO SUPPORT MONELL CLAIM FOR STATE-CREATED DANGER. ...............25

III.    ALTERNATIVELY, THIS COURT SHOULD AFFIRM BECAUSE THE FAC DID NOT PLAUSIBLY ALLEGE THAT CAPMC IS A STATE ACTOR, A REQUIREMENT FOR APPELLANTS TO PURSUE THEIR § 1983 CLAIMS. 33

CONCLUSION ....................................................................36

STATEMENT OF RELATED CASES ...................................37

BRIEF FORMAT CERTIFICATION ....................................37

CERTIFICATE OF SERVICE...............................................38

# TABLE OF AUTHORITIES

## CASES

*Abagninin v. AMVAC Chem. Corp.,*
545 F.3d 733 (9th Cir. 2008) ............................................................. 19

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ............................................................. 19, 24, 25

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ............................................................. 19, 23, 24

*Blum v. Yaretsky,*
457 U.S. 991 (1982) ............................................................. 36

*Castro v. County of Los Angeles,*
833 F.3d 1060 (9th Cir. 2016) ............................................................. 17

*Children's Health Def. v. Meta Platforms, Inc.,*
112 F.4th 742 (9th Cir. 2024) ............................................................. 35, 37

*Ebner v. Fresh, Inc.,*
838 F.3d 958 (9th Cir. 2016) ............................................................. 25

*Fresno Motors, LLC v. Mercedes Benz USA, LLC,*
771 F.3d 1119 (9th Cir. 2014) ............................................................. 34

*Indep. Towers of Wash. v. Washington,*
350 F.3d 925 (9th Cir. 2003) ............................................................. 22

*Jackson v. Metro. Edison Co.,*
419 U.S. 345 (1974) ............................................................. 36

*Jensen v. Lane County,*
222 F.3d 570 (9th Cir. 2000) ............................................................. 34

*Kennedy v. City of Ridgefield,*
439 F.3d 1055 (9th Cir. 2006) ............................................................. 27

*Lugar v. Edmondson Oil Co.,*
457 U.S. 922 (1982) ............................................................. 34, 35

*Martinez v. City of Clovis*,
   943 F.3d 1260 (9th Cir. 2019)............................................ 28, 29, 30, 31

*Maya v. Centex Corp.*,
   658 F.3d 1060 (9th Cir. 2011) ......................................................23

*Monell v. Department of Social Services*,
   436 U.S. 658 (1978)............................................... 17, 19, 21, 22, 26, 33

*Murguia v. Langdon*,
   61 F.4th 1096 (9th Cir. 2023) ...........................................................27

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001)............................................................23

*O'Handley v. Weber*,
   62 F.4th 1145 (9th Cir. 2023) ...........................................................36

*Ohno v. Yasuma*,
   723 F.3d 984 (9th Cir. 2013)............................................................35

*Pasadena Republican Club v. W. Just. Ctr.*,
   985 F.3d 1161 (9th Cir. 2021)..........................................................37

*Somers v. Apple, Inc.*,
   729 F.3d 953 (9th Cir. 2013)............................................................23

*Trout v. County of Madera*,
   No. 22-16177, 2023 WL 8592880 (9th Cir. 2023) ................................16

*Trout v. County of Madera*,
   No-21-CV-06061-PJH, 2022 WL 2490410, at *3 (N.D. Cal. 2022)......16

*U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011) .........................................................24

*Wood v. Ostrander*,
   879 F.3d 583 (9th Cir. 1989.)..................................................27, 28, 29

## STATUTES

28 U.S.C. § 1983 ................................................... 11, 12, 17, 22, 30, 33, 34

28 U.S.C. § 636(b)(1)(c) ............................................................. 18

## RULES

Federal Rule of Appellate Procedure 26.1 ................................................ 2

Federal Rule of Appellate Procedure 28(b)(1) ......................................... 12

Federal Rule of Appellate Procedure 32(a)(7)(C) .................................... 38

Federal Rule of Civil Procedure 8(a)(2) ................................ 22, 23, 24, 26

Federal Rule of Civil Procedure 12(b)(6) ............ 10, 16, 18, 19, 21, 23, 24

Federal Rule of Civil Procedure 73 ........................................................ 11

Ninth Circuit Rule 28-2.2 ..................................................................... 12

Ninth Circuit Rule 28-2.6 ..................................................................... 38

Ninth Circuit Rule 32-1 ........................................................................ 38

## **INTRODUCTION**

On the afternoon of July 14, 2020, Calley Garay ("Ms. Garay"), a young mother to four children, was brutally murdered by her estranged husband Julio Garay ("Mr. Garay") outside of Camarena Health's medical clinic in front of the children. The senseless murder of Ms. Garay marked the end of Mr. Garay's years-long reign of terror and abuse on Ms. Garay. Although Mr. Garay was tried and convicted for Ms. Garay's murder, Plaintiffs seek to place the blame for Ms. Garay's horrific death on the organizations dedicated to helping Ms. Garay and her children escape from Mr. Garay's lengthy history of brutal physical and emotional abuse.

Before her murder, the County of Madera (the "County") and Community Action Partnership of Madera County ("CAPMC") were assisting Ms. Garay in obtaining restraining orders prohibiting Mr. Garay from contacting Ms. Garay; prosecuting Mr. Garay on the pending criminal charges for his acts of domestic violence against her; and providing her and her children safe and secure housing far away from the violence they experienced in the family home.

In 2021, Appellants filed a civil suit naming the County and

8

CAPMC, among others, seeking to recover monetary damages from the very organizations who actively worked with Ms. Garay to protect her and her children from Mr. Garay's criminal actions. Since 2021, Appellants have filed four separate pleadings attempting to assert causes of action against the County and CAPMC without success.

The First Amended Complaint (the "FAC")—Appellants' latest attempt[1] to plead a claim against CAPMC—was replete with allegations lacking factual support. Appellants alleged in conclusory fashion that CAPMC, a private non-profit entity, was a "state actor" in its operation of a battered women's shelter and that CAPMC had policies and procedures that *increased* the risk of harm to Ms. Garay. The FAC additionally contained conclusory statements regarding how those policies and procedures were a proximate cause of Mr. Garay's intentional and premeditated murder of Ms. Garay.

In his report and recommendations on the County's and CAPMC's motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

---

[1] Plaintiffs filed a complaint and first amended complaint in the Northern District. After that action was dismissed for improper venue, Plaintiffs filed a new Complaint in the Eastern District before then filing the FAC which is the subject of this appeal.

Magistrate Judge Stanley A. Boone correctly concluded that the FAC failed to state any cause of action against the County and CAPMC. In particular, the Court correctly determined that the FAC failed to allege any affirmative acts of CAPMC that placed Ms. Garay at an increased risk of harm. Therefore, Appellants' Fourteenth Amendment claims of a state-created danger and interference with the parent-child relationship, brought under 28 U.S.C. § 1983, failed as a matter of law.

Following the issuance of the Magistrate Judge's report, Appellants had the opportunity to object but failed to file an objection. District Judge Ana de Alba conducted a de novo review and adopted the Magistrate Judge's detailed report.

For *five months,* Appellants failed to take any action to amend their FAC. After the parties consented to the Magistrate Judge's jurisdiction under Rule 73, Appellants affirmatively requested that the Magistrate Judge amend the original dismissal order to be one with prejudice to enable Appellants to pursue an appeal.

On appeal, Appellants argue the district court "erroneously failed to credit the facts and inferences pled in the First Amended Complaint" and the court's conclusions of law were improper. AOB 26. Not so. The

district court understood its responsibility to accept as true plausible allegations of fact contained in the FAC and construe the FAC in the light most favorable to Appellants, while disregarding conclusory allegations.

In this case, the FAC failed to state Fourteenth Amendment claims against CAPMC. Apart from conclusory allegations, Appellants failed to allege that CAPMC took affirmative action that increased the risk of harm to Ms. Garay. Nor did the FAC allege that any affirmative act by CAPMC was a proximate cause in her death. Accordingly, the district court correctly dismissed CAPMC from this action. The district court's order dismissing the claims against CAPMC with prejudice must be affirmed.

## JURISDICTIONAL STATEMENT

CAPMC is satisfied with Appellant's jurisdictional statement. *See* Fed. R. App. P. 28(b)(1); 9th Cir. R. 28-2.2.

## STATEMENT OF ISSUES PRESENTED

I.   Did Appellants waive any challenge to the dismissal with prejudice of the *Monell* claim under § 1983 for interference with parent-child relationship in violation of the Fourteenth Amendment and the state-law claims against CAPMC?

II.  Did the district court correctly conclude that the FAC failed to state

a plausible *Monell* claim under § 1983 for state-created danger in violation of the Fourteenth Amendment?

III. Alternatively, did the district court err in concluding that the FAC sufficiently alleged that CAPMC is a state actor, a threshold requirement under § 1983?

## STATEMENT OF THE CASE

### A. FACTUAL BACKGROUND

This case arises from the murder of Calley Garay by her estranged spouse Julio Garay, Sr. Mr. and Ms. Garay married in 2015. (ER-9.) They had three boys, J.G.1, J.G. 2, and J.G. 3. (*Id.*) Ms. Garay also had a daughter from a prior relationship, D.A. (ER-225.) The same year of their marriage, Ms. Garay reported to the Chowchilla Police Department several instances of extreme abuse by Mr. Garay. (ER-225.) CAPMC and the County assisted Ms. Garay in obtaining a domestic restraining order. (ER-225-226.)

In May 2020, Ms. Garay reported Mr. Garay's continued physical abuse to the Chowchilla Police Department. (ER-226-227.) The County and CAPMC provided services and support to Ms. Garay and the three boys. (ER-227.) CAPMC provided Ms. Garay and her children with refuge in their secure and confidential domestic violence shelter in Madera. (*Id.*)

12

In June 2020, while Ms. Garay and her children were secured in CAPMC's domestic violence shelter, Ms. Garay described to a Chowchilla detective the horrific physical and emotional abuse Mr. Garay inflicted on her and her children. (*Id.*) The County and CAPMC additionally assisted Ms. Garay in obtaining a domestic violence restraining order. (ER-228.) A CAPMC employee accompanied Ms. Garay to a court hearing stemming from Mr. Garay's abuse threats against Ms. Garay and their children. (*Id.*) At a hearing in July 2020, Mr. Garay appeared visibly angry and threatening. (*Id.*) CAPMC employee Jennifer Rodriguez requested security to escort her and Ms. Garay out of the courthouse before they returned to the safety of CAPMC's domestic violence shelter. (*Id.*)

On July 14, 2020, Ms. Garay had a medical appointment scheduled at Camarena Health. (ER-232.) Unknown to CAPMC, before the scheduled appointment Mr. Garay received a telephone call from an employee of Camarena Health disclosing information regarding Ms. Garay's appointment. (ER-230.)

On July 14, 2020, CAPMC transported Ms. Garay and her children from the safety of the domestic violence shelter to Camarena Health for

her medical appointment. (ER-232.) After her medical appointment, Ms. Garay and her son J.G.2 exited the clinic and walked to the waiting CAPMC transportation van. As Ms. Garay got her children situated in the van, she turned and saw Mr. Garay with a .380 semi-automatic handgun. (ER-233.) Mr. Garay shot Ms. Garay several times. (*Id.*) Ms. Garay died from her injuries. (*Id.*)

Apart from the numerous conclusory allegations in the FAC, Appellants failed to plead ***facts*** sufficient to show that (1) CAPMC had notice Camarena Health disclosed information regarding Ms. Garay's medical appointment to Mr. Garay; (2) CAPMC set policies for Camarena or supervised its employees; (3) CAPMC played any role in the disclosure of information regarding Ms. Garay's medical appointment to Mr. Garay; (4) any affirmative act of CAPMC placed Ms. Garay at an increased risk of harm by Mr. Garay; or (5) any policy or procedure of CAPMC was a proximate cause of Ms. Garay's death.

## B. PROCEDURAL BACKGROUND

This case has a ***lengthy*** procedural history. More than four years have passed since the tragic murder of Calley Garay by Julio Garay in July 2020. Although the Appellants filed a civil action approximately one

14

year after the murder, this case is still not at issue because of the gamesmanship, blatant forum shopping, and dilatory tactics of the Appellants in prosecuting this action.

Appellants initially filed suit on August 6, 2021 in the Northern District of California naming 20 defendants, including county, state, and federal government agencies, CAPMC, private corporations, and various individuals. On May 6, 2022, in response to defense motions, the district court dismissed the case for improper venue without prejudice to Appellants filing the action in the proper district court. The district court found Appellants engaged in "blatant forum-shopping." In its order, the district court declined to reach the merits of the defendants' motions to dismiss for failure to state a claim under Rule 12(b)(6). Still, it noted several of the motions to dismiss "appear meritorious." *Trout v. County of Madera*, No-21-CV-06061-PJH, 2022 WL 2490410, at *3 (N.D. Cal. 2022). Appellants appealed the dismissal, and this Court affirmed. *Trout v. County of Madera*, No. 22-16177, 2023 WL 8592880 (9th Cir. 2023).

On July 13, 2022, Appellants filed a new complaint in the Eastern District of California against numerous defendants for constitutional violations, negligence, wrongful death, privacy violations, survivorship

and fraudulent conveyance. (SER003–072.)

On December 23, 2023, the Appellants amended the complaint. In the FAC, the Appellants narrowed the field of named defendants down to four: Camarena Health, Camarena Health Foundation (together with Camarena Health, "Camarena"), CAPMC, and the County. The FAC asserts *Monell* claims under § 1983 against Defendants County and CAPMC for violations of the Fourteenth Amendment based on two theories of liability: state-created danger and interference with parent-child relationship.[2] As to all four defendants, the Appellants pled state-law claims for negligence, negligent infliction of emotional distress, and negligent training and supervision. (ER 220.)

The County, CAPMC, and Camarena filed motions to dismiss the FAC in a timely manner. (ER-93-117, 158-182, 183-207.) Appellants opposed the motions. (ER-80-92, 128-141, 153-157.)

Following oral argument, on June 14, 2023, the Magistrate Judge

---

[2]     Under the Supreme Court's holding in *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a plaintiff seeking to establish municipal liability under § 1983 must identify a municipal policy or practice that violated her constitutional rights. See *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (citing *Monell*, 436 U.S. at 694).

issued his report on Defendants' motions to dismiss. The ruling recommended dismissal of all the causes of actions against the County and CAPMC for failure to state a claim with leave to amend under Rule 12(b)(6). The Magistrate Judge declined to exercise supplemental jurisdiction of the remaining state-law claims pled against Camarena Health. In the order, Magistrate Judge advised all parties they may file written objections to the ruling under 28 U.S.C. § 636(b)(1)(c). (ER-8-65.)

No party filed an objection to the Magistrate Judge's report. Reviewing the report de novo, the District Court concluded it was "supported by the record and by proper analysis." The District Court then adopted in full the Magistrate's report and dismissed both the County and CAPMC from the action with leave to amend. (ER-7.)

During the next five months, the Appellants took ***no action*** to amend the FAC. At Appellants request, on April 4, 2024, the Magistrate Judge issued an amended order of dismissal reflecting, among other things, that the dismissal of each of the causes of action against the County and CAPMC was with prejudice and that the court declined to take supplemental jurisdiction over the remaining state-law claims against Camarena Health. ER-4-5.

17

On May 3, 2024, Appellants filed a notice of appeal from the amended order of dismissal. ER 241.

## STANDARD OF REVIEW

As fully set forth by Appellee County of Madera in their Answering Brief, an order of dismissal for failure to state a claim under Rule 12(b)(6) is reviewed de novo. *Abagninin v. AMVAC Chem. Corp.,* 545 F.3d 733, 737 (9th Cir. 2008).

## SUMMARY OF ARGUMENTS

The District Court correctly applied the pleading standards set forth by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) in granting CAPMC's motion to dismiss the FAC under Rule 12(b)(6). The Court correctly found the Appellants' bald legal conclusions regarding CAPMC's involvement in Ms. Garay's murder, unaccompanied by any facts regarding what actions CAPMC affirmatively took that placed Ms. Garay at an increased risk of harm from Mr. Garay's criminal conduct, was insufficient to state a plausible claim for relief for constitutional violations under a *Monell* state-created danger theory of liability.

Despite the District Court's detailed ruling, Appellants chose to

18

stand on their pleading. They declined the opportunity to revise the FAC to state additional facts to support their allegations that any action by CAPMC increased the risk of harm to Ms. Garay in support of a state-created danger theory of liability. This appeal followed.

On appeal, Appellants dedicate approximately ten pages of their brief to reciting "factual" allegations from the FAC they contend the District Court failed to consider properly. However, many of the "factual" allegations cited by Appellants in their brief relating to CAPMC's alleged role in Ms. Garay's murder consist merely of legal conclusions couched as factual allegations and conclusory statements which were previously considered and rejected by the court district court.

Additionally, Appellants failed to demonstrate that the district court's conclusions of law were improper when granting CAPMC's motion to dismiss. Appellants failed to allege any fact, apart from conclusory allegations, that any affirmative act of CAPMC placed Ms. Garay at an increased risk of harm from Mr. Garay's violence. Additionally, Appellants failed to allege any factual nexus between CAPMC's policies and procedures to Mr. Garay's horrific criminal conduct.

For these reasons and others discussed below, the district court's

dismissal of the FAC and entry of judgment in CAPMC's favor must be affirmed.

## ARGUMENT

## I. APPELLANTS WAIVED ANY CHALLENGE TO THE DISMISSAL WITH PREJUDICE OF THE SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION AGAINST CAPMC.

The Magistrate Judge's report and recommendations set forth a meticulous analysis of each of the causes of action asserted against CAPMC, covering both the federal claims (ER-24–43) and the state-law claims (ER-43–54). He recommended the dismissal of both the federal and state-law claims for failure to state a claim under Rule 12(b)(6), with leave to amend. (ER-43, 54, 57.) Appellants declined to amend, resulting in the dismissal of both the federal and state-law claims against CAPMC with prejudice. (ER-4–5.)

In this appeal, Appellants do not identify the dismissal of the second cause of action (the *Monell* claim for interference with parent-child relationship in violation of the Fourteenth Amendment), the third cause of action (negligence), the fourth cause of action (negligent infliction of emotional distress), and the fifth cause of action (negligent training and supervision) against CAPMC as an issue presented for

review. *See* AOB 2. In fact, nowhere in their opening brief do Appellants take issue with the dismissal of those claims.[3] Accordingly, Appellants have waived any challenges to their dismissal with prejudice. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that the Court "will not consider any claims that were not actually argued in appellant's opening brief").

## II. THE COURT SHOULD AFFIRM BECAUSE THE FAC FAILED TO ALLEGE SUFFICIENT FACTS TO PLEAD A PLAUSIBLE *MONELL* CLAIM FOR STATE-CREATED DANGER

On appeal, Appellants contend that the FAC contained sufficient factual allegations to plead a *Monell* claim under § 1983 against CAPMC on a "state-created danger theory of liability." (AOB 29-32.) Appellants additionally contend that the district court misapplied Rule 8(a)(2) when the court failed to credit the facts and inferences pled in the FAC. AOB 26.

---

[3] Appellants are not without recourse. The state-law claims against Camarena Health were dismissed without prejudice (ER–5), leaving open the possibility of refiling claims against that party in state court.

A.   **THE DISTRICT COURT CORRECTLY APPLIED RULE 8(A)(2) WHEN EVALUATING THE FACTS ALLEGED IN THE FAC.**

Appellants argue the district court misapplied Rule 8(a)(2) when the court failed to credit the facts and inferences pled in the FAC. AOB 26. In their brief, Appellants recite approximately 10 pages of "factual allegations" from the FAC they claim support their constitutional causes of action against the County and CAMPC that the District Court failed to properly consider. However, the allegations referenced by Appellants consist primarily of conclusory allegations, unsupported by facts, that the District Court correctly did not consider in ruling on CAPMC's and the County's Rule 12(b)(6) motions to dismiss.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is appropriate where the complaint (1) lacks a cognizable legal theory or (2) lacks sufficient facts to support a cognizable theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). The controlling standard for reviewing the sufficiency of allegations in a complaint under Rule 12(b)(6) is set forth in *Twombly* and *Iqbal*. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

22

Rule 8(a)(2) requires Plaintiffs "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly* at 555. However, the Plaintiffs' obligation to provide the "grounds" of their "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id*. A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

In evaluating whether a complaint satisfies Rule 8's pleading requirement when tested by a Rule 12(b)(6) motion, the court must first disregard allegations that are legal conclusions, even when disguised as facts, because these allegations are not entitled to the assumption of truth. *Iqbal* at 678. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal* at 678.

After disregarding the unsupported legal conclusions, if any "well-pleaded factual allegations" remain, they are accepted as true for the purposes of the pleading, and the court may determine "whether they plausibly give rise to an entitlement to relief." *Iqbal,* at 679, *U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).

"Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

Here, the District Court correctly applied the two-part test in *Iqbal* when evaluating the allegations in the FAC. It recognized its obligation to accept factual allegations in the FAC as true and to give Appellants the benefit of "every reasonable inference" from "well-pleaded" allegations in the FAC. ER-14. However, the Magistrate also recognized its duty to disregard allegations in the FAC that are legal conclusions disguised as facts:

- "[A]s previously discussed, no non-conclusory factual allegations establish CAPMC knew or had reason to know that Mr. Garay would show up at Calley's medical appointment and shoot her in the clinic parking lot." ER-35.

- The "Court cannot identify any non-conclusory allegation describing a policy CAPMC had in effect at the time of the incident which contributed to Calley's death." ER-36.

- The "Court notes these purported "facts" appear to be little

24

more than "legal conclusions cast in the form of factual allegations." ER-37 n.11.

- "Plaintiffs' lone allegation that CAPMC "knew or should have known" is conclusory and therefore insufficient." ER-41.

The District Court repeatedly demonstrated that it correctly understood the Rule 8(a)(2) pleading requirements and the requirements for assessing the sufficiency of factual allegations in response to a motion to dismiss. Appellants' arguments to the contrary lack merit. (AOB 23-24, 26-27.)

## B. APPELLANTS FAILED TO ALLEGE SUFFICENT FACTS THAT CAPMC INCREASED THE RISK OF HARM TO MS. GARAY TO SUPPORT A *MONELL* CLAIM FOR STATE-CREATED DANGER.

Appellants argue the allegations in the FAC sufficiently support a *Monell* claim under a state-created danger theory of liability. As referenced above, Appellants' base their arguments upon the allegations in the FAC that consist merely of legal conclusions disguised as facts. However, after parsing out the well-pled factual allegations apart from those allegations consisting merely of legal conclusions and baseless assumptions, the district court properly found that the facts alleged in the FAC did not support a *Monell* claim for state created danger.

25

This Court recognized a state-created danger theory of liability 35 years ago in *Wood v. Ostrander*, 879 F.3d 583 (9th Cir. 1989.) (AOB 28.) Since then, the substantive due process doctrine on which *Wood* relied has significantly receded, undermining that case's vitality.[4] In any event, Appellants recognize that "liability based on a state-created danger theory of liability is an **exception** to the general rule that the failure to act to protect an individual from private violation does not deprive that individual of substantive due process under the Fourteenth Amendment," and the state-created danger exception only applies "in narrow circumstances." (ER-31 (emphasis added) (citing *Murguia v. Langdon*, 61 F.4th 1096, 1106 (9th Cir. 2023).) The state-created-danger exception has three elements: 1) the officers' affirmative actions created

---

[4]     As Judge Bybee pointed out in his dissenting opinion in *Kennedy v. City of Ridgefield*, the "Supreme Court has yet to recognize the state-created danger doctrine, and the circuit courts have yet to construct a unified approach either to the state-created danger inquiry or to the role that causation principles should play in the analysis." 439 F.3d 1055, 1074 (9th Cir. 2006) (Bybee, J., dissenting). In light of the questionable vitality of the substantive due process doctrine that underlies *Wood*, the Court should revisit *Wood*'s creation of a substantive due process right to be free from state-created dangers or, at the very least, confine it to its narrow scope. *See id.* at 1068 (distilling the stringent conditions that must exist under the exception, including affirmative conduct by the state that was the but-for cause of actual harm and not just a mere increase in risk of harm).

26

or exposed plaintiff to an actual, particularized danger that she would not otherwise have faced; 2) the injury was foreseeable; and 3) the officers were deliberately indifferent to the known danger. *Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019).

Appellants cite several cases where this Court discussed the state-created danger exception, but none supports application of the state-created danger exception to the allegations in this case.

In *Wood*, the plaintiff was a passenger in a car pulled over by the defendant police officer at 2:30 a.m. *Id. at 586.* The officer arrested the driver for being intoxicated and ordered Wood out of the car to impound the car. *Id.* The officer left Wood by the side of the road at night in a high-crime area. *Id.* Wood was later picked up by an unknown driver and raped. *Id.* The district court granted summary judgment for the officer on the ground that he owed no affirmative constitutional duty of protection to Wood. This Court reversed, concluding that Wood raised a genuine issue of fact whether the officer's conduct—directing Wood to exit the car and leaving her on the side of the road in a high-crime area "affirmatively placed [Wood] in a position of danger." The Court also determined that Wood raised a genuine issue of fact whether the officer

acted with deliberate indifference to Wood's interest in personal security under the Fourteenth Amendment. *Id.* at 589-591.

Similarly, in *Martinez*, this Court reviewed a summary judgment where the district court rejected the plaintiff's application of the state-created danger exception. *Id.* at 1269. The plaintiff was a victim of repeated domestic violence by her partner, Pennington, who was a police officer with the City of Clovis. *Id.* at 1266. After one incident, the plaintiff fled the scene of the abuse and called for police assistance. *Id.* She returned home, only to find that Pennington was already there. *Id.* When Clovis police officers arrived, they questioned the plaintiff, with Pennington standing within earshot. *Id.* She initially reported abuse to an officer but then changed her statements based on Pennington's threatening looks. *Id.* at 1266-1267. Pennington was not arrested, and the plaintiff was not provided information about restraining orders or shelter options. After the officers left, Pennington beat the plaintiff again. *Id.* at 1267.

A few weeks later, neighbors made a 911 domestic violence call to report Pennington's physical and sexual abuse of the plaintiff. *Id.* at 1268. When the officers arrived, the plaintiff had injuries consistent with

physical abuse. *Id*. When questioned, the plaintiff and Pennington were only separated by seven feet. *Id*. The plaintiff whispered to the officer that Pennington inflicted her injuries. *Id*. The officer questioning the plaintiff believed there was probable cause to arrest. *Id*. The questioning officer's supervisor ordered the questioning officer to refer the matter to the District Attorney instead of making an arrest. *Id*. When officers left the scene, Pennington again beat and sexually assaulted the plaintiff. *Id*. at 1269.

The plaintiff sued the city and the individual officers. She asserted § 1983 claims against the officers under the state-created danger doctrine. *Martinez*, 943 F.3d at 1269. She claimed the individual officers affirmatively placed her at greater risk of abuse by their actions in response to the 911 calls. *Id*. The district court granted summary judgment on all claims in favor of the city and the individual officers. *Id*.

Although this Court ultimately affirmed the district court's grant of summary judgment on qualified immunity grounds, *id*. at 1296, it rejected the district court's analysis of the state-created danger exception. This Court concluded that a reasonable jury could find that the officers' conduct and statements emboldened Pennington to believe

he could further abuse the plaintiff and retaliate against her with impunity, which placed her in greater danger than before the report. *Id.* at 1272.

Similarly, as to the second incident, this Court concluded a triable issue of fact existed whether the supervisor's conduct of directing his officer not to arrest Pennington, mentioning that Pennington was an officer, and speaking favorably in Pennington's presence, placed the plaintiff in greater danger. A juror could find that those affirmative actions emboldened Pennington to continue his abuse with impunity. *Id.* at 1273. The Court further found material issues of fact existed regarding whether the officers acted with deliberate indifference towards the risk of future abuse. *Id.* at 1274. Accordingly, this Court found that the two officers violated the plaintiff's due process rights to liberty by affirmatively increasing the known and obvious danger the plaintiff faced. *Id.*

In sharp contrast to the above cases, there are no facts alleged in the FAC that CAPMC took any affirmative actions that increased the risk of harm to Ms. Garay based on her husband's history of abusive conduct and threats to her life. The FAC alleges facts that Ms. Garay's

30

life was repeatedly at risk based upon Mr. Garay's abusive conduct. In 2015, Ms. Garay reported Mr. Garay's repeated acts of domestic violence and his repeated threats against her life to police. (ER-225.) In 2020, Ms. Garay reported to the Chowchilla police department additional horrific acts of abuse by Mr. Garay and his threats to her life before she and her children moved into CAPMC's secured domestic shelter. (ER-227.) The FAC recounts numerous instances of extreme physical and mental abuse inflicted on Ms. Garay by Mr. Garay.

The district court correctly noted the facts alleged in the FAC suggested that CAPMC affirmatively worked to ***decrease***, not increase, the rise of harm to Ms. Garay and her children from the threats presented by Mr. Garay. (ER-33.) CAPMC assisted Ms. Garay in obtaining a restraining order against Mr. Garay. CAPMC provided Ms. Garay and the children with safe and secured housing at an undisclosed location to escape the dangerous environment of their home with Mr. Garay. (ER-48.) CAPMC employees accompanied Ms. Garay to Court relating to court hearings. (ER-228.) During one particularly heated court hearing where Mr. Garay displayed hostile and threatening behaviors, CAPMC employee Jennifer Rodriguez solicited additional security to accompany

her and Ms. Garay out of the Court so they could be safely returned to CAPMC's secured domestic violence shelter. (*Id.*)

Conversely, there were no facts alleged that CAPMC increased the risk of harm to Ms. Garay. The FAC did not allege facts showing that CAPMC disclosed Ms. Garay's personal information to Mr. Garay or that CAPMC was aware that Camarena Health disclosed the date, time and location of Ms. Garay's medical appointment to Mr. Garay. (ER-34.) Nowhere in the FAC did the Appellants allege any particularized facts identifying any negligent behavior of a CAPMC employee that caused or contributed to Ms. Garay's tragic death. (ER-54.)

The district court correctly determined that CAPMC's actions of providing victim services to Ms. Garay and transporting her to her a medical appointment were insufficient to satisfy the elements of the state-created danger exception. No affirmative action by CAPMC placed Ms. Garay at an ***increased*** risk of harm by Mr. Garay than what she already faced before she sought assistance from CAPMC.

Accordingly, the district court correctly concluded that Appellants' § 1983 *Monell* claim for state-created danger failed. (ER-27.) This Court should affirm the dismissal of the federal claims against CAPMC because

Plaintiff failed to plead sufficient facts to support a § 1983 cause of action based upon a state-created danger theory of liability.

III.     **ALTERNATIVELY, THIS COURT SHOULD AFFIRM BECAUSE THE FAC DID NOT PLAUSIBLY ALLEGE THAT CAPMC IS A STATE ACTOR, A REQUIREMENT FOR APPELLANTS TO PURSUE THEIR § 1983 CLAIMS.**

The district court concluded the FAC sufficiently alleged that CAPMC is a state actor under § 1983. (ER-25–30.) This was error. *See Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) ("We may affirm on any ground supported by the record, regardless of whether the district court relied upon, rejected, or even considered that ground.").

Section 1983 "supports a claim only when the alleged injury is caused by 'state action' and not by a merely private actor, against whom tort remedies may be sought in state court." *Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000). This requirement "preserves an area of individual freedom by limiting the reach of federal law and federal judicial power." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982).

In "exceptional cases," a private party will be treated as a state actor if it "meets two distinct requirements: (1) the 'state policy' requirement and (2) the 'state actor' requirement." *Children's Health Def.*

*v. Meta Platforms, Inc.*, 112 F.4th 742, 754 (9th Cir. 2024). To satisfy the state-policy requirement, "the alleged constitutional deprivation must result from 'the exercise of some right or privilege created by the State' or 'a rule of conduct imposed by the State or by a person for whom the State is responsible.'" *Id.* (quoting *Lugar*, 457 U.S. at 937). A private party satisfies the distinct state-actor requirement if (1) it performs a traditionally public function; (2) it is a willful participant in joint activity with the government; (3) it is compelled or encouraged by the government to take a particular action; or (4) there is a sufficiently close nexus between the government and the challenged action. *Id.* In all cases, "a plaintiff must allege facts supporting an inference that the government 'is responsible for the specific conduct of which the plaintiff complains.'" *Id.* (quoting *Ohno v. Yasuma,* 723 F.3d 984, 994 (9th Cir. 2013).)

Here, the district court concluded that CAPMC was a state actor, but the court did not benefit from this Court's decision in *Children's Health*, and it did not analyze the state-policy requirement. If it had, it would have recognized that the FAC does not allege any state policy enforced by CAPMC, an indisputably private party. Nor does the FAC identify any specific conduct by CAPMC for which the County or any

other government entity was plausibly responsible. The FAC challenges CAPMC's "provision of domestic violence shelter services" and "transportation" ER 29, but that allegation does not plausibly permit an inference that CAPMC provided those services to Ms. Garay for or on behalf of the County. In sum, the FAC fails to plead the state-policy requirement.

Overlooking this dispositive impediment to relief, the district court did analyze the second state-actor requirement. It concluded that Appellants satisfied the joint-action and the nexus tests through allegations of a contractual relationship, government funding, government oversight over CAPMC's key management positions, and ratification of CAPMC's bylaws by the County's Board of Supervisors. (ER-22–23.) These generic allegations, however, are insufficient to plead the state-actor requirement. See *Blum v. Yaretsky*, 457 U.S. 991, 1011 (1982) (test not met despite substantial government funding); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974) (test not met despite state regulation and oversight); *O'Handley v. Weber*, 62 F.4th 1145, 1157 (9th Cir. 2023) (test not met where private entity was not composed of a majority of public officials who dominated decision-making); *Pasadena*

*Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1170 (9th Cir. 2021) (test not met despite government contracting). More importantly, the FAC does not allege that the County participated in any of CAPMC's "particular actions"—its provision of domestic violence victim services and transportation to Ms. Garay on the day she was attacked by her abuser. *Children's Health*, 2024 WL 3734422, at \*6.

Accordingly, the Court should affirm the dismissal of the federal claims against CAPMC because Appellants failed to plead state action.

## CONCLUSION

For all the reasons discussed above, this Court should affirm the order of dismissal in favor of CAPMC.

Dated:  September 30, 2024      SIMS, LAWRENCE & BROGHAMMER

By    /s/ Cynthia G. Lawrence
CYNTHIA G. LAWRENCE
AMANDA F. BENEDICT
Attorneys for Defendants
COMMUNITY ACTION
PARTNERSHIP OF
MADERA COUNTY, INC

36

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, there are no other cases pending before this Court related to this case.

/s/ Cynthia G. Lawrence
CYNTHIA G LAWRENCE

## BRIEF FORMAT CERTIFICATION

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure and Ninth Circuit Rule 32-1, I certify that the attached Appellee's Answering Brief is proportionally spaced, has a typeface of 14 points, and contains approximately 6575 words according to the word-processing program.

/s/ Cynthia G. Lawrence
CYNTHIA G LAWRENCE

## **CERTIFICATE OF SERVICE**

Ninth Circuit Case Number 24-2956

I hereby certify that I electronically filed the foregoing Appellee's Answering Brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on September 30, 2024.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: September 30, 2024         /s/ Jamie Graydon
                                 Jamie Graydon